THE UNITED STATES DISTRICT COURT
FOR THE _Central_ DISTRICT OF _California_
_Los Angeles_ DIVISION

*Denied. This matter is on appeal. This court has no jurisdiction.*
*[signature] 10.4.13*

Samoset Galvan
Petitioner,

v.

THE UNITED STATES OF AMERICA,
Respondent

Case No. CR11-00935(D)-R

[Stamp: CLERK, U.S. DISTRICT COURT, OCT - 4 2013, CENTRAL DISTRICT OF CALIFORNIA, DEPUTY]

MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE
BASED UPON AN INTERVENING POST-SENTENCE CHANGE IN THE
UNITED STATES SENTENCING GUIDELINES PERTAINING TO
COROLLARY CRIMINAL HISTORY CATEGORY (AMENDMENT 12)
WHICH EFFECTIVELY LOWER'S PETITIONER'S TERM OF IMPRISONMENT **AND ORDER DENYING MOTION**

COMES NOW Petitioner herein, _Samoset Galvan_, appearing in and of her own behalf, as a pro se litigant, and respectfully moves this Honorable Court for an ORDER modifying and thus reducing her sentence of __48__ months imprisonment, pursuant to this Honorable Court's jurisdictional authority as set forth and as contained in 18 United States Code § 3582(c)(2).

## I. STATEMENT OF THE CASE

Petitioner in the underlying, above-numbered criminal case, was sentenced by this Honorable Court, on _January 19, 2013_. Petitioner was sentenced by this Honorable Court to a term of imprisonment of __48__ months, at Offense Level __21__, with a Criminal History Category of __IV__, followed by a term of Supervised Release of __5__ years. Petitioner is currently incarcerated and serving her sentence at Federal Medical Center, Carswell in Fort Worth, Texas.

Any detailed or extended statement of the facts of the case would be improper and unavailing on the grounds that Petitioner's instant Motion for Sentence Reduction is, as a matter of law, a continuation of the criminal case and is not a civil post-conviction relief pleading. See, e.g., **United States v. Fair**, 326 F.3d 1317 (11th Cir. 2003), followed by the overwhelming sister circuits. Therefore, Petitioner herein does not seek to introduce new evidence or to argue or litigate the facts of the case. To the contrary, Petitioner's instant Motion, pursuant to 18 United States Code § 3582(c)(2), seeks a reduction of her term of imprisonment as a result of an intervening, post-sentencing change of the United States Sentencing Guidelines [hereinafter "USSG" or "the Guidelines"]. However, the current **Advisory** Guidelines apply.

## II. AMENDMENTS TO THE GUIDELINES

On May 1, 2007, the United States Sentencing Commission [hereinafter "USSC" or "the Commission"] sent to the United States Congress proposed changes to the Guidelines, which included **interalia**, Amendment 12, Criminal History. Changes to Criminal History will effectively reduced Petitioner's imposed sentence from the current level of __21__.

The Commission addressed two critical factors in its "Reason for Amendment", stating:

> This amendment addresses two areas of the Chapter four criminal history rules: the counting of multiple prior sentences, and the use of misdemeanor and petty offenses in determining defendant's criminal history score.

Clearly, the Sentencing Commission recognizes the policy priority which should be accorded the disparities surrounding corollary criminal history. Petitioner respectfully submits that this Honorable Court so, too, will accord the same or similar priority status in ruling upon Petitioner's instant Motion for a Reduction in Sentence. It is respectfully requested that this Honorable Court grant unto Petitioner such other and further reduction of her sentence resulting from the Criminal History category amendment.

III. BASED UPON THE SUPREME COURT'S BOOKER DECISION ABOLISHING THE MANDATORY SENTENCING GUIDELINES, IN ALL CONTEXTS THE BOOKER ADVISORY GUIDELINES APPLY TO PETITIONER'S INSTANT 18 § 3582(c) MOTION FOR SENTENCE REDUCTION, THUS EMPOWERING THIS HONORABLE COURT TO CONSIDER THE 18 § 3553(a) FACTORS, CALCULATE A NEW GUIDELINE RANGE AND RESENTENCE PETITIONER ACCORDINGLY

This Honorable Court, in resentencing Petitioner herein, pursuant to this instant 18 U.S.G. § 3582(c)(2) to account for a post-sentencing United States Sentencing Guideline amendment that reduces the applicable range of punishment, must apply the Guidelines as advisory, even though the old mandatory Guidelines were in effect at the time of Petitioner's original sentencing in this Court.

In **United States v. Hicks**, 472 F.3d 1167 (9th Cir. 2007), the United States Court of Appeals for the Ninth Circuit held that where, as here, a defendant filed a motion to reduce his or her sentence pursuant to 18 U.S.C. § 994(o), the Guidelines must be applied in an advisory manner. According to the Ninth Circuit's analysis, "a mandatory system is no longer an open choice", as a result of the Supreme Court's decision in **United States v. Booker**, 543 U.S. 220, 160 L Ed 2d 621. Clearly, this Court, in resentencing Petitioner, has the discretion, pursuant to the now advisory Guidelines, to consider the factors set forth in 18 § 3553(a), and calculate a new Guideline range, and issue a new sentence accordingly.

_L. Douglas_    _Samoset Galvan_

[Notary seal: L. DOUGLAS MY COMMISSION EXPIRES December 13, 2016]

CERTIFICATE OF SERVICE

I, _Samoset Marie Galvan_, hereby certify that on _9·24·13_ _____, I served upon the following interested party a true copy of the foregoing MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE, by United States Mail, First-Class, postage prepaid, as follows:

_1200 United States Courthouse_
_312 N. Spring St._
_Los Angeles, Ca. 90012_